Argued and submitted February 13, reversed and remanded for reconsideration
December 4, 1986

In the Matter of the Settlement Rates of
C & C Construction, dba
Life Care Center of Eugene.

C & C CONSTRUCTION,
*Petitioner,*

*v.*

SENIOR SERVICES DIVISION,
*Respondent.*

(A36658)

728 P2d 962

Eric A. Lindenauer, Portland, argued the cause for petitioner. With him on the briefs was Garvey, Schubert, Adams & Barer, Portland.

David Schuman, Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.·

## NEWMAN, J.

Petitioner seeks review of an order of the Department of Human Resources, Senior Services Division, following a reconsideration hearing, that denied Medicaid reimbursement to petitioner for certain costs. We reverse and remand.

Petitioner owned real property and improvements used for a nursing facility. In 1965, it leased them to Alfred and Mary Paulson, who operated the nursing facility and participated in the Medicaid program that the Division administers. The original fifteen-year lease contained an option to renew for an additional fifteen years. In 1980, Mary Paulson, on behalf of herself and her deceased husband's estate, notified petitioner of intent to renew the lease. Petitioner then purchased from her the leasehold interest and the personal property of the nursing facility for $350,000, of which $306,113 was for the lease. Petitioner gave her a note and a second mortgage to secure the deferred balance and borrowed the $50,000 down payment from a bank. It operated the nursing facility until March, 1983, when it sold it to a third party.

The Division denied petitioner's claim for reimbursement of the amortized cost of the lease acquisition on the basis of its "finding" that the costs were "a personal purchase [subject to OAR 411-70-360(13)] and not related to patient care on any reasonable basis."[1] Petitioner assigns error to the Division's denial of reimbursement and also to its failure to follow contested case procedures. We address the latter point first.

■　　The Division maintains that "the only significant aspect of a contested case hearing not present here was cross-examination," that that omission is irrelevant "because the

---

[1] At the relevant time, OAR 411-70-360 provided:

"Non-allowable costs include, but are not limited to * * *:

"* * * * *

"(13) Personal purchases;

"* * * * *

"(16) Miscellaneous expenses not related to patient care."

The regulations do not define "personal purchases" or "not related to patient care." The regulations were amended in 1985, but the amendments do not apply to this case.

Division called no witnesses," that the decision was "issued as an order with findings and conclusions" and that the failure to follow contested case requirements does not require a remand. *See* ORS 183.482(7). We conclude, however, that the Division's departure from the statutory requirements for contested cases was error. Because of that error, it is impossible to decide all of the issues that the parties raise. ORS 183.470(2) requires that final orders "be accompanied by findings of fact and conclusions of law" and that the findings include a "concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order." Here the order was in the form of a letter with an introductory section and two narrative sections headed "DISCUSSION" and "FINDING." We cannot determine what are the findings of fact based on the evidence and what are conclusions of law. Accordingly, we must reverse and remand.

Because the Division must rehear the matter, we will discuss its position that the costs that petitioner claims are not allowable because they are not related to patient care. OAR 411-70-360(16); *see also* 42 USC § 1396a (a)(13)(A); OAR 411-70-330. The Division reasons:

> "[P]*etitioner's* ownership of the lease is not related to patient care; it is related to *petitioner's opportunity* to provide patient care under a particular species of possessory estate. In buying the lease, petitioner purchased a business opportunity for itself; the benefit of the purchase inured to itself alone. Petitioner's lease purchase was an attempt to alter its relationship to the property in such a way as to maximize its return. The state is obligated to protect patient care; it is not obligated to promote provider profit. *See Indiana Department of Public Welfare v. Crescent Manor,* 416 NE2d 470, 476 (Indiana App 1981).
>
> "* * * * *
>
> "The rationality of the Division's inference is beyond cavil: Personal costs not related to patient care are not reimbursable; lease acquisition costs alter the owner's relationship to the property but have no effect on patients; therefore the costs are a personal as opposed to a patient-related expense and not reimbursable." (Emphasis in original.)

The Division's position is that, as a matter of law,

petitioner's purchase of a beneficial business opportunity cannot be related to patient care. Petitioner's principal response is that it could not provide patient care *unless* it acquired the lease and that the amortized cost of acquisition is not, as a matter of law, unrelated to patient care. Petitioner then argues that, because the Division's rules classify certain lease and rental expenses as allowable, *see* OAR 411-70-465(9)(b); OAR 411-70-335(3), and do not specifically disallow the amortized cost of lease acquisition, the Division is foreclosed from denying reimbursement. *See* ORS 410.180; *Trebesch v. Employment Division,* 300 Or 264, 710 P2d 136 (1985).

■ The Division's rules allow reimbursement for a variety of expenses which could be advantageous to the investor as well as to the ability to offer patient care. There is no necessary inconsistency between the two. The rules expressly contemplate that reimbursement is available to "profit-making proprietary entities." *See* OAR 411-70-400(1). Certain transactions that affect a provider's interest in a facility may, in fact, be a "personal purchase" unrelated to patient care, but the proposition is not so as a matter of law. The Division's position may be that the nature of *this* lease acquisition *cannot* be found, under any evidentiary showing, to have any relationship to patient care or to be anything other than a purchase for petitioner's business gain. On this record, however, petitioner's purchase of the leasehold was not, as a matter of law, unnecessary to its operation of a patient care facility. The question is one of fact.

There are other issues which the Division should consider on remand. The only sections of the rules that the Division purports to have interpreted are those which relate to personal purchases and to expenses not related to patient care. The Division has not yet interpreted other provisions of the rules to determine whether it could allow the costs that petitioner claims, although it has the prerogative and duty to interpret the rules in the first instance.

Petitioner's argument has similar problems. Although there is no express exclusion of lease acquisition costs in the rules, we cannot decide whether the rules allow recovery of those costs until the Division has interpreted the

rules. We also have no authority to decide the factual questions on which petitioner's argument depends. It is premature, therefore, to decide if the Division may deny reimbursement.

Reversed and remanded for reconsideration.